UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MICHELDEANGELOU PERFVWAYBELAYOUIX, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 22-3829 (RC) |
| | : | | |
| v. | : | Re Document No.: | 8 |
| | : | | |
| COLLEEN KOLLAR-KOTELLY, AUBREY GRAHAM-DRAKE/UMG/ REPUBLIC RECORDS/OVO, KEITH HOWELL, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM & ORDER

### GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR A PRE-FILING INJUNCTION

Plaintiff Micheldeangelou Perfvwaybelayouix, proceeding *pro se,* filed a scattered defamation complaint purporting to name as Defendants "Collen Kollar-Kotelly, Aubrey Graham-Drake/UMG/Republic Records/Ovo, Keith Howell" as Defendants . *See* Compl., ECF No. 1. Plaintiff thereafter filed dozens of submissions styled as letters containing a remarkable variety of irrelevant and often profane material, including pornography.[1] *See, e.g.,* Letter, Mar. 10, 2023 at 2, ECF No. 29 ("I really want to get riled up for what Life's great adventure has to offer persons. April 22nd is the fight between Gervonta Davis & Ryan Garcia, it oughta be the dopest if I find myself with the tickets to catch that amazing match up live at the event after facing you all in the fight of America's life through out this judicial race for justice."); Letter, Mar. 27, 2023 at 2, ECF No. 28 ("THIS CAN CRIPPLE AMERICA, TOWER OVER YOUR

---

[1] As explained below, on June 30, 2023, Plaintiff attempted to file submissions containing pornographic imagery, which the Court denied leave to file on the public docket.

GOVERNMENT EXISTENCE AND WATCH YOU SQUIRM ON THE FUCKING GROUND LIKE WORMS!"). The Complaint appears to arise out of an order of dismissal entered by U.S. District Judge Kollar-Kotelly in a separate action Plaintiff filed against the same Defendants (except Judge Kollar-Kotelly) for copyright infringement. *See* Compl. at 1 (referring in the first sentence to "Civil Action No. 22-cv-01019"). The heart of Plaintiff's prior copyright infringement action, and the foundation of his present defamation claim arising out of the order dismissing that action, appears to be Plaintiff's contention that the song "Way 2 Sexy" by musical artist Drake was copied from a song Plaintiff created called "Reach for the Skies." *See* Compl. at 7–9.[2]

As an initial matter, it is not clear that Plaintiff actually intends to bring a claim against Judge Kollar-Kotelly, or whether by naming her in the Complaint he merely intends to refer to the prior proceeding. *See* Compl. at 1 ("[C]ounsel for the Courts in that case have fabricated an unfruitful course of events that depreciated the matter of facts layed there driving a matter of law hanging over its claim's purpose to moot a dismissal."). Regardless, while *pro se* litigants are held to a "less stringent standard," *Buchanan v. Sony Music Ent.*, No. 19-cv-3028, 2020 WL 2735592, at *3 (D.D.C. May 26, 2020), Plaintiff's profoundly unclear allegations as to Judge Kollar-Kotelly fall well short of the requirement under Fed. R. Civ. P. 8 to offer a "short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g.*, Compl. at 1 ("Forcing the counsel over the Judge to run away with her imagination in falsifying a hand-written claim under the Defendants memorandum on failure to state the initial claim."). "A 'confused and rambling narrative of charges and conclusions concerning numerous persons,

---

[2] At this stage, the Court "must accept as true all of the factual allegations contained in the complaint." *Byrne v. Clinton*, 410 F. Supp. 3d 109, 116 (D.D.C. 2019).

organizations and agencies' does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation omitted).  Moreover, to the extent that the Complaint's disconnected musings could be pieced together into an intelligible claim against Judge Kollar-Kotelly, it would be barred by judicial immunity as pertaining to the exercise of her official responsibilities.  *See* Compl. at 2 (referring to the "irresponsible and refutable resolution to . . . Judge Kotelly's Memorandum Opinion"); *Atherton v. Dist. of Columbia Off. of Mayor,* 567 F.3d 672, 682 (D.C. Cir. 2009) ("[J]udges 'are not liable to civil actions for their judicial acts . . . ." (citation omitted)).  Plaintiff does not state a claim against Judge Kollar-Kotelly.  *See Jefferies v. District of Columbia*, 916 F. Supp. 2d 42, 44 (D.D.C. 2013) ("Complaints may . . . be dismissed, *sua sponte* if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" (citing *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994)).

Turning to Plaintiff's claims against the remaining Defendants (collectively, "Defendants"), Plaintiff fares no better.  Plaintiff styles his Complaint as a claim for defamation on the alleged basis that certain statements made during the prior copyright infringement proceeding were false.  *See* Compl. at 4–5.  He also alleges that "[d]efamation is here in about 5 or 6 different [a]rticles publicized on throughout the 4th and 6th of December." *Id* at 5.  He states that "the articles defam[ed] the Plaintiff's actions… [by] calling the matter 'inappropriate', 'irrelevant' & 'misconduct'." *Id.*  He also notes "[e]ach article [does] not state anything about the case 'SAVING THE WORLD[.]'" *Id.*  Plaintiff does not identify these articles except by inclusion of what appear to be partial screenshots of articles from the websites HipHopDX.com and AllHipHop.com. *Id.* at 5–6.  Defendants move to dismiss on the basis of claim preclusion

3

and for failure to state a claim and also seek a pre-filing injunction against Plaintiff. *See* Defs.' Mot. Dismiss and for Pre-filing Inj. ("Defs.' Mot."), ECF No. 8.

As to the allegedly defamatory statements made during the prior copyright infringement proceeding, these cannot form the basis of a defamation complaint. *See Teltschik v. Williams & Jensen, PLLC*, 748 F.3d 1285, 1287 (D.C. Cir. 2014) ("Under the judicial privilege recognized by D.C. law, an attorney 'is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.'" (citation omitted)).

As to the allegedly defamatory statements in the "5 or 6 different Articles" about the copyright infringement proceeding, Plaintiff also fails to state a claim. Compl. at 5.  Under D.C. law, to state a claim for defamation a plaintiff must show:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*Williams v. District of Columbia*, 9 A.3d 484, 491 (D.C. 2010) (citation omitted).  Here, to the extent that Plaintiff's description of the allegedly defamatory statements in the articles is intelligible at all, *see* Compl. at 5 (explaining, immediately after discussion of the articles, that Plaintiff's prior copyright action was "comparable with the debacle between the President President [*sic*] and the Ukrainian Leader, Zelensky"), it includes no allegation that Defendants made the statements.  As noted above, the corresponding screenshots Plaintiff includes in his pleading are from HipHopDX.com and AllHipHop.com, and Plaintiff makes no allegation that

4

Defendants control or create content for those websites.  Compl. at 5–6.  Plaintiff fails to state a claim for defamation.

Turning to Defendants' request for a pre-filing injunction, the Court finds an injunction warranted here.  A pre-filing injunction "is an extreme remedy" that "should be used only in exigent circumstances."  *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (quoting *In re Oliver,* 682 F.2d 443, 445 (3d Cir. 1982).  While courts "must take great care not to 'unduly impair a litigant's constitutional right of access to the courts,'" *Gharb v. Mitsubishi Elec. Corp.,* 148 F. Supp. 3d 44, 55 (D.D.C. 2015), that right is not "absolute or unconditional", *see Crumpacker v. Ciraolo-Klepper*, 288 F. Supp. 3d 201, 203-04 (D.D.C. 2018) (citing *In re Yelverton*, 526 B.R. 429, 431 (D.D.C. 2014)).  The court may impose a pre-filing injunction "to protect the integrity of the courts and the orderly and expeditious administration of justice" whenever a litigant "abuse[s] the judicial process by filing frivolous, duplicative, and harassing lawsuits[.]"  *Caldwell v. Obama*, 6 F. Supp. 3d 31, 49-50 (D.D.C. 2013); *Gharb,* 148 F. Supp. 3d at 55; *Ibrahim v. District of Columbia*, 755 A.2d 392, 393 (D.C. 2000) (affirming the trial court's pre-filing injunction order for a plaintiff who was "deemed a prolific filer").  The court "must properly balance the protection of due process rights with ending groundless, vexatious litigation."  *Caldwell*, 6 F. Supp. 3d at 50.  In striking this balance, "courts in this district ordinarily follow three steps: first, notice and the opportunity to be heard are provided; second, the court develops a record for review that considers 'both the number and content of the [plaintiff's] filings[,]'; and third, the court 'make[s] substantive findings as to the frivolous or harassing nature of the litigant's actions.'"  *Smith v. Scalia*, 44 F. Supp. 3d 28, 46 (D.D.C. 2014) (citations omitted).  Notice in the form of an opposing party's motion, and an opportunity to be heard in the form of the opportunity to file a responsive opposition, are sufficient.  *See Klayman*

5

*v. Porter*, No. 20-3109, 2022 WL 3715775, at *8 (D.D.C. Aug. 29, 2022) (finding that the defendants' motion for pre-filing injunction provided "ample notice" and the chance to file an "opposition and supplemental briefing" constituted sufficient opportunity to be heard (citations omitted)); *cf. Slate v. Am. Broad. Cos., Inc.*, 12 F. Supp. 3d 30, 42–43 (D.D.C. 2013) ("When . . . sanctions are imposed for conduct occurring before the court, no hearing is necessary . . . ."); *Bishop v. Wynne*, 478 F. Supp. 2d 1, 4 (D.D.C. 2006) ("Petitioner was on notice . . . by virtue of the government's filing a Motion to Dismiss or Transfer, and . . . Petitioner has already had an opportunity to be heard on this issue in the context of his Opposition and Surreply to the Motion to Dismiss or Transfer.").

As noted above, Plaintiff has made a large number of vexatious and at times profane filings. *See, e.g.*, Compl. at 3 ("[T]he Memorandum's Opinion is sleight-fully made parallel on parameters under the equivocations taunting to that of the 'Slave trade' and the hanging of African Americans."); Letter, Jan. 31, 2023, at 1, ECF No. 4 ("However you may have to sleight of hand the situation and shut down the racist fascist face of America and body slam yourselves over about an American like Bill Gates and his germs to China in taking them back into your corner and away from Putin."); Letter, Mar. 27, 2023, at 2, ECF No. 28 ("I AM LITERALLY CRYING BLOOD INSIDE TYPING OUT THE SENTENCE BEFORE THIS. THIS IS REAL F*#%ING LIFE, ARE THE DEFENDANTS KIDDING THE ENTIRE WORLD RIGHT NOW?"). They sometimes include arguably threatening language. *See, e.g.*, Letter, Feb. 22, 2023, ECF No. 14 ("I got into a fight earlier today . . . . My hands were extraordinarily powerful here, I punched the aggressor about 5 times to the face and each blow made a bone popping sound that forced his flesh to shoot around his face from the cheek, jaw, the nose and then the forehead. Pertaining to my reason for informing each party this, is because the matter of the

articles online may have influenced the aggressor to choose aggression."); Letter, March 27, 2023 at 2–3, ECF No. 28 ("KEITH HOWELL AFTER READING EVERYTHING IN THIS LETTER, YOU AREN'T AND WILL NEVER BE F*#%ING READY FOR OUR MEETING ON APRIL 3RD . . . ."). This is consistent with Plaintiff's behavior in the prior copyright infringement action. *See* Defs.' Mot. at 17 (explaining, with citation to the opinion dismissing the prior copyright infringement action, that "Plaintiff sent numerous threatening, harassing, and inappropriate messages to the court and Defendants' Counsel, including 'remarks such as "I could beat your F*%#ing a*%," and sexually lewd and inappropriate language, and references to Defendants "getting KILLED metaphorically or realistically" and that Plaintiff "could . . . slow roast your defendants alive."'"); *see* Mem. Op., Case No. 22-cv-1019, Dec. 1, 2022, ECF No. 49 (explaining that, despite the court's warning that it would "not tolerate further efforts by Plaintiff to disregard" the court's orders and the local civil rules, "Plaintiff . . . sent at least forty-nine letters to the court that included "obscene and angry language" and "a sexually lewd photograph"). Recent submissions in this case, which the Court denied leave to file on the public docket, also included pornographic imagery totally irrelevant to any possible claim advanced in the Complaint. On this record, the Court finds that Plaintiff has engaged in a pattern of frivolous and harassing filings and a pre-filing injunction is warranted. *See Klayman*, 2022 WL 3715775, at *9 (granting pre-filing injunction based in part on plaintiff's series of "baseless filings" and use of "abusive language," including language used in prior cases against the same parties).

    For the foregoing reasons, it is hereby

    **ORDERED** that all claims against Colleen Kollar-Kotelly are **DISMISSED**.

    It is **FURTHER ORDERED** that Defendants' Motion to Dismiss and for Pre-filing Injunction is **GRANTED** and this action is **DISMISSED.**

It is **FURTHER ORDERED** that Plaintiff is **ENJOINED** from making any filings on the docket in this case without first seeking and receiving leave of the Court.

It is **FURTHER ORDERED** that Plaintiff is **ENJOINED** from filing in this District any future federal cases against any of the Defendants named in this case without first seeking and receiving leave of this Court.

**SO ORDERED.**

Dated:  July 28, 2023                                                                                       RUDOLPH CONTRERAS
                                                                                                                            United States District Judge